07 JUL -3 AM 9:32

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Plaintiff,

v.

KUHUNA, LLC d/b/a SDS PIZZA,

Defendant.

CIVIL ACTION NO. 1:07CV515

COMPLAINT

WEBER, J.

JURY TRIAL DEMAND

NATURE OF THE ACTION

The United States Equal Employment Opportunity Commission (the "Commission") brings this action against Kuhuna, LLC d/b/a SDS Pizza ("SDS") pursuant to Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful retaliatory employment practices, and to provide appropriate relief to Jennifer L. Cox who was adversely affected by such practices. As alleged in paragraph seven below, the Commission alleges that SDS subjected Jennifer L. Cox to discrimination in the form of retaliation because she had made a complaint of sexual harassment, in violation of Title VII of the Civil Rights Act of 1964.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Ohio, Western Division at Cincinnati.

PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, SDS, an Ohio corporation (the "Employer"), has continuously been doing business in the State of Ohio and the City of Oxford, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Jennifer L. Cox filed a charge with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least January 7, 2006, Defendant has engaged in unlawful employment practices at its facility in Oxford, Ohio, in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a), in that Defendant discriminated against Jennifer L. Cox by retaliating against her for making a complaint of sexual harassment.

8. The effect of the discrimination complained of in paragraph seven above has been

to deprive Jennifer L. Cox of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex.

9. The unlawful employment practices complained of in paragraph seven above were intentional.

10. The unlawful employment practices complained of in paragraph seven above were done with malice or with reckless indifference to the federally protected rights of Jennifer L. Cox.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from retaliating against any employee for making a complaint of discrimination and any other employment practice which discriminates on the basis of sex.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and for employees who have opposed any practice made unlawful by Title VII of the Civil Rights Act of 1964, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to make whole Jennifer L. Cox by providing appropriate backpay with prejudgment interest, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to the payment of frontpay, and compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph seven above, in amounts to be determined at trial.

D. Order Defendant Employer to make whole Jennifer L. Cox by providing

compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph seven above, including emotional pain, suffering, loss of enjoyment of life, humiliation, embarrassment, and inconvenience, in amounts to be determined at trial.

E. Order Defendant Employer to pay Jennifer L. Cox punitive damages for its malicious and reckless conduct described in paragraph seven above, in amounts to be determined at trial.

F. Grant such further relief as the Court deems necessary and proper in the public interest.

G. Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

LAURIE A. YOUNG, Ind. Attny #11480-49
Regional Attorney

KENNETH L. BIRD, Ind. Attny #10780-02
Senior Trial Attorney

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
101 W. Ohio Street, Suite 1900
Indianapolis IN 46204-4203
Phone: (317) 226-7204
Fax: (317) 226-5571
Email: Kenneth.Bird@EEOC.gov

JOHANNA PHILHOWER MAPLE
Trial Attorney, Ind. Attny #20245-49

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
101 W. Ohio Street, Suite 1900
Indianapolis, IN 46204
(317) 226-5601
Fax: (317) 226-5571
johanna.maple@eeoc.gov